# EXHIBIT 1

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM          INDEX NO. 607470/2024

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 04/30/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

DERSHAWN SIBBLES,

                    Plaintiff,

          v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; GOLDMAN SACHS
BANKS USA; SOFI LENDING CORP.;
TRUIST BANK, AS SUCCESSOR BY MERGER
TO SUNTRUST BANK d/b/a LIGHTSTREAM;
U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR VCC 2020-MC1
TRUST, and PENTAGON FEDERAL CREDIT
UNION,

                    Defendants.

Index No.:

**SUMMONS**

Basis of Venue
Location of Plaintiff

**TO THE ABOVE-NAMED DEFENDANTS:**     EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC;
GOLDMAN SACHS BANKS USA; SOFI
LENDING CORP.;TRUIST BANK, AS
SUCCESSOR BY MERGER TO
SUNTRUST BANK d/b/a
LIGHTSTREAM; and U.S. BANK
NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR VCC 2020-
MC1 TRUST, PENTAGON FEDERAL
CREDIT UNION

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney at the
address stated below, an answer to the attached complaint within twenty (20) days after the
service of this summons, exclusive of the day of service, or within thirty (30) days after service
is complete if this summons was not personally delivered to you within the State of New York;
upon your failure to answer, judgment will be taken against you by default for the relief
demanded in the complaint.

1

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM
INDEX NO. 607470/2024
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 04/30/2024

Dated: Nyack, New York
      April 30, 2024

Defendants' Addresses:

EQUIFAX INFORMATION
SERVICES LLC
C/O Corporation Service Company
80 State Street, Albany, NY, 12207

EXPERIAN INFORMATION SOLUTIONS,
INC.
C/O CT Corporation System
28 Liberty St.,
New York, NY, 10005

TRANS UNION LLC
C/O The Prentice-Hall Corporation System,
Inc.,
251 Little Falls Drive
Wilmington, DE 19808

GOLDMAN SACHS BANKS USA
Attn: Head Of Litigation & Reg
200 West Street
New YorK, NY, , 10282

SOFI LENDING CORP.
C/O Corporation Service Company
80 State Street, Albany, NY, 12207

TRUIST BANK, AS SUCCESSOR BY
MERGER TO SUNTRUST BANK d/b/a
LIGHTSTREAM
C/O Corporation Service Company
80 State Street, Albany, NY, 12207

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR VCC 2020-
MC1 TRUST, PENTAGON FEDERAL
CREDIT UNION
425 Walnut St
Cincinnati, OH 45202

PENTAGON FEDERAL CREDIT UNION
55 Water St.
New York, NY 10041

**THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By:_____
      **ROBERT J. NAHOUM, ESQ.**
48 Burd Street, Suite 300
Nyack, New York 10960
(845) 450-2906

2

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 607470/2024
RECEIVED NYSCEF: 04/30/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

DERSHAWN SIBBLES,

                    Plaintiff,

          v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; GOLDMAN SACHS
BANKS USA; SOFI LENDING CORP.;
TRUIST BANK, AS SUCCESSOR BY MERGER
TO SUNTRUST BANK d/b/a LIGHTSTREAM;
U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR VCC 2020-MC1
TRUST, and PENTAGON FEDERAL CREDIT
UNION,

                    Defendants.
                              Defendants.

Index No.:

## **COMPLAINT**

Plaintiff Dershawn Sibbles ("Plaintiff"), by and through his attorneys, The Law Offices of Robert J. Nahoum, P.C., complaining of defendants, alleges as follows:

1.      This is an action for actual, statutory, and punitive damages, injunctive relief, and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the New York Fair Credit Reporting Act, and New York General Business Law § 380, et seq. ("NY FCRA").

2.      Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

3.      Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for

3

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. §1681(b).

4.     The defendants consist of three national credit reporting agencies:  Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union " and together with Equifax and Experian the "CRA Defendants"); and five "furnisher[s] of information" to those agencies: Goldman Sachs Banks USA ("Goldman"), SoFi Lending Corp. ("SoFi"), Truist Bank, As Successor By Merger to Suntrust Bank d/b/a Lightstream (Truist"), U.S. Bank National Association, As Indenture Trustee For VCC 2020-MC1 Trust ("U.S. Bank") and Pentagon Federal Credit Union (Pen Fed") and collectively together with Goldman, Truist, SoFi and US Bank, the "Furnisher Defendants").

5.     Plaintiff discovered inaccurate derogatory information on his credit reports and disputed the same directly with the CRA Defendants who, in turn and upon information and belief, communicated the same to the Furnisher Defendants.

6.     The Furnisher Defendants are each a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2, *et seq.*).

7.     The Furnisher Defendants violated the FCRA by:

   a.   failing to conduct a reasonable investigation of Plaintiff's dispute,

   b.   failing to review all relevant information provided by consumer reporting agencies, and

   c.   failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

4

8.      The CRA Defendants violated the FCRA (and analogous provisions of the NY FCRA) by:

    a.  failing to conduct a reasonable reinvestigation of Plaintiff's dispute and delete or modify that information, in violation of § 1681i, and upon information and belief, failing to perform certain other related duties pursuant to and in violation of that same provision; and

    b.  failing to maintain procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff, in violation of § 1681e(b).

9.      As a direct and proximate result of the Defendants' negligent and willful actions, conduct, and omissions including, upon information and belief, publishing inaccurate derogatory information to third-parties, Plaintiff suffered cognizable actual damages (both economic and non-economic) including but not limited to credit denials, and/or offers for credit at higher interest rates, damage to his reputation, emotional distress, embarrassment, aggravation, and frustration.

10.     Each Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

**PARTIES**

11.     Plaintiff is a natural person and a citizen of Nassau County, New York.

12.     Plaintiff is an individual and "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), as well as the NY FCRA, NY GBL § 380-a(b).

13.     Equifax is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York.

14.     Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

15. Trans Union is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.

16. Equifax, Experian, and Trans Union are each a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (G.B.L. § 380-a(e)).

17. Goldman is a Delaware financial institution, duly authorized and qualified to do business in the State of New York.

18. SoFi is a Delaware financial institution, duly authorized and qualified to do business in the State of New York.

19. Truist Bank is a North Carolina financial institution, duly authorized and qualified to do business in the State of New York.

20. US Bank is a Minnesota financial institution, duly authorized and qualified to do business in the State of New York.

21. Pen Fed is a Virginia financial institution, duly authorized and qualified to do business in the State of New York.

22. Goldman, SoFi, Truist, US Bank and Pen Fed are each a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2 et seq.

## FACTS

23. Despite requests to correct erroneous information contained in his credit files and appearing on his credit reports, Plaintiff has been damaged by the failure of the Furnishers and the CRA Defendants to correct information in his credit file and the appearance of erroneous tradelines on his credit reports.

24. Plaintiff is the victim of a widespread identify theft scheme perpetrated by his father Mr. Derrick Fitzroy Sibbles ("Derrick Sibbles"). Specifically, Derrick Sibbles used

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

Plaintiff's identity to apply for an open various credit accounts including accounts with the

Furnisher Defendants (the "ID Theft Accounts").

7

### THE IDENTITY THEFT LAWSUITS

25.     Some, but not all of the ID Theft Accounts resulted in lawsuits filed against Plaintiff.  Discovery of these lawsuits was the first time Plaintiff became aware that his identity had been stolen and that credit accounts had been opened using his identity.

### *Goldman*

26.     On November 11, 2021, Goldman filed suit against Plaintiff in the Supreme Court of the State of New York, Nassau County, under the caption *Goldman Sachs Banks USA - v. - Dershawn Sibblies* Index No.: 614412/2021 (the "Goldman Lawsuit").

27.     By written correspondence to Goldman's Counsel, Plaintiff notified Goldman that the account which formed the basis of the Goldman Lawsuit was the result of identity theft and was therefore disputed.

28.     Further, on or about October 13, 2022, through counsel, Plaintiff filed his answer to the complaint in the Goldman Lawsuit siting, among other things, identity theft as his defense.

29.     The Goldman Lawsuit is still pending.

### *SoFi*

30.     On May 25, 2021, Sofi filed suit against Plaintiff in the Supreme Court of the State of New York, Nassau County, under the caption *SoFi LENDING CORP. - v. - Dershawn Sibblies* Index No.: 608449/2021; (the "SoFi Lawsuit").

31.     On or about November 12, 2021, a default judgment was entered against Defenant on the SoFi Lawsuit (the "SoFi Default Judgment")

32.     By written correspondence to SoFi's Counsel, Plaintiff notified SoFi that the account which formed the basis of the SoFi Lawsuit was the result of identity theft and was therefore disputed.

8

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

33.     SoFi consequently agreed to vacate the SoFi Judgment and Dismiss the SoFi Lawsuit.

***Truist***

34.     On November 12, 2021, Truist filed suit against Plaintiff in the Supreme Court of the State of New York, Nassau County, under the caption *TRUIST BANK - v. - DERSHAWN SIBBLIES* Index No.: 614300/2021 (the "Truist Lawsuit").

35.     By written correspondence to Truist's Counsel, Plaintiff notified Truist that the account which formed the basis of the Truist Lawsuit was the result of identity theft and was therefore disputed.

***US Bank***

36.     On December 7, 2021, US Bank filed a foreclosure action, naming, among others, Plaintiff as a defendant in the Supreme Court of the State of New York, Kings County, under the caption *U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR VCC 2020-MC1 TRUST V. - v. - 775 EAST 37TH STREET VENTURES LLC; DERSHAWN SIBBLIES; JOHN DOE (SAID SUMMONS NAME BEING FICTITIOUS TO REPRESENT UNKNOWN TENANTS/OCCUPANTS OF THE SUBJECT PROPERTY AND ANY OTHER PARTY OR ENTITY OF ANY KIND, IF ANY, HAVING OR CLAIMING AN INTEREST OR LIEN UPON THE MORTGAGED PROPERTY), Index No.: 531162/2021* (the "US Bank Lawsuit[1]").

37.     By written correspondence to US Bank's Counsel, Plaintiff notified US Bank that the account which formed the basis of the US Bank Lawsuit was the result of identity theft and was therefore disputed.

---

[1] The Goldman Lawsuit, SOFI Lawsuit, Truist Lawsuit and US Bank Lawsuit may collectively be referred to as the "ID Theft Lawsuits" and the accounts which for the basis of the ID Theft Lawsuits may collectively be referred to as the "ID Theft Lawsuit Accounts".

9

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

38.     The US Bank Lawsuit resulted in a Judgment of Sale entered on June 6, 2023.

**THE TRADELINE DISPUTES**

39.     Discovery of the ID Theft Lawsuits led Plaintiff to discover that the ID Theft Accounts has been reported on credit reports.

***Trans Union***

40.     Plaintiff discovered that his Trans Union credit report contained erroneous entries with respect to Goldman, SoFi, Truist and Pen Fed.

41.     Specifically, tradelines on Plaintiff's Trans Union credit report indicated that accounts with Goldman, SoFi, Truist and Pen Fed were past due.

42.     Plaintiff has no authorized accounts with Goldman, SoFi, Truist or Pen Fed.

43.     In or about January 2023, Plaintiff submitted a written dispute to Trans Union regarding the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed.

44.     In March 2023, Plaintiff received notice that Trans Union had "verified" the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed and that the erroneous tradelines would remain on his Trans Union credit report.

***Equifax***

45.     Plaintiff discovered that his Equifax credit report contained erroneous entries with respect to Goldman, SoFi, and Truist.

46.     Specifically, tradelines on Plaintiff's Equifax credit report indicated that accounts with Goldman, SoFi, Truist and Pen Fed were past due.

47.     Plaintiff has no authorized accounts with Goldman, SoFi, Truist or Pen Fed.

48.     In or about January 2023, Plaintiff submitted a written dispute to Equifax regarding the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed.

10

49.   In or about June 2023, Plaintiff received notice that Equifax had "verified" the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed and that the erroneous tradelines would remain on his Equifax credit report.

*__Experian__*

50.   Plaintiff discovered that his Experian credit report contained erroneous entries with respect to Goldman, SoFi, Truist and Pen Fed.

51.   Specifically, tradelines on Plaintiff's Experian credit report indicated that accounts with Goldman, SoFi, Truist and Pen Fed were past due.

52.   Plaintiff has no authorized accounts with Goldman, SoFi, Truist or Pen Fed.

53.   In or about January 2023, Plaintiff submitted a written dispute to Experian regarding the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed.

54.   In or about March 2023, Plaintiff received notice that Equifax had "verified" the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed and that the erroneous tradelines would remain on his Equifax credit report.

**DAMAGES**

55.   As a result of Defendants' conduct, Plaintiff suffered actual damages in the form of economic and non-economic harm, both of which are cognizable pursuant to the FCRA and NY FCRA.

56.   Plaintiff has suffered actual damages in the form of financial harm and dignitary harm arising from the injury to his credit rating and reputation.  Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

57.   Plaintiff's credit reports and file have been obtained from Defendants and been reviewed many times by prospective and existing credit grantors and extenders of credit.  The

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 607470/2024
RECEIVED NYSCEF: 04/30/2024

inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

58.     Additionally, the inaccurate credit reporting cost Plaintiff significant time in pursuit of a corrected report, mental anguish, anxiety, and stress.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF FCRA § 1681s-2(b)**
(Against All Furnisher Defendants Furnishers of Information to CRAs)

59.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

60.     The Furnisher Defendants violated §1681s-2(b) by its acts and omissions, including, but not limited to:

a.  failing to conduct a reasonable investigation of Plaintiff's dispute,

b.  failing to review all relevant information provided by consumer reporting agencies, and,

c.  failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

61.     As a result of the Furnisher Defendants' violations of §1681s-2(b)(1), Plaintiff suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

62.     These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 607470/2024
RECEIVED NYSCEF: 04/30/2024

63.    In the alternative, the Furnisher Defendants were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF FCRA § 1681e(b) and § 1681i
(Against All CRA Defendants)

64.    Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

65.    The CRA Defendants each violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

a.   failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1);

b.   by failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4); and

c.   by failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

66.    Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by their conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of his credit reports and credit files that they published and maintained.

67.    As a result of the CRA Defendants' violations of § 1681i and §1681e(b), Plaintiff suffered actual damages including but not limited to: loss of credit, damage to reputation,

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

68.     These violations of § 1681i and § 1681e(b) were willful, rendering the CRA Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69.     In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
### <u>VIOLATIONS OF NY FCRA §380-f and §380-j</u>
(Against All CRA Defendants)

70.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

71.     Each of the CRA Defendants violated multiple sections of the NY FCRA (NY GBL §§ 380–380-u) by their acts and omissions including:

   a. failing to promptly reinvestigate Plaintiff's dispute to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of § 380-f(a);

   b. failing, after determining that the disputed information is in error or that it can no longer be verified, to promptly expunge the item and otherwise correct the file and refrain from reporting the item in subsequent consumer reports, in violation of § 380-f(b); and

   c. failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of

14

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

his credit report and credit files that it published and maintained in violation of § 380-j(e).

72.    These violations of § 380-f and § 380-j(e) were willful, rendering the CRA Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l and entitling Plaintiff to injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

73.    In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m as well as injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in his favor and grant the following relief:

**A.  On the First Cause of Action:**
    Awarding Plaintiff against each CRA Defendant and Furnisher Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the CRA Defendants, NY GBL § 380-l and § 380-m;

**B.  On the Second Cause of Action:**
    Ordering the CRA Defendants:

    a.    to immediately delete all inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, and

    b.    to send updated and corrected credit report information to all persons and entities to whom they have reported inaccurate information about Plaintiff within the last four years;

**C.  On the Third Cause of Action:**

15

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 607470/2024
RECEIVED NYSCEF: 04/30/2024

Enjoining the CRA Defendants from violating Plaintiff's NY FCRA rights;

**D.** Any additional and further relief as may be deemed just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: Nyack, New York
April 30, 2024

**THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By:_____
   **ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com

16

# EXHIBIT 2

STATE OF NEW YORK
# DEPARTMENT OF STATE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

June 18, 2024

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY 12207, USA

| | | |
|---|---|---|
| RE: | Party Served: | TRUIST BANK |
| | Plaintiff/Petitioner: | DERSHAWN SIBBLES |
| | Receipt Number: | 202406180625 |
| | Date Served: | 06/10/2024 |
| | Section of Law: | SECTION 306 OF THE BUSINESS CORPORATION LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492



**FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM**

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

DERSHAWN SIBBLES,

                    Plaintiff,

          v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; GOLDMAN SACHS
BANKS USA; SOFI LENDING CORP.;
TRUIST BANK, AS SUCCESSOR BY MERGER
TO SUNTRUST BANK d/b/a LIGHTSTREAM;
U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR VCC 2020-MC1
TRUST, and PENTAGON FEDERAL CREDIT
UNION,

                  Defendants.

Index No.:

**SUMMONS**

Basis of Venue
Location of Plaintiff

**TO THE ABOVE-NAMED DEFENDANTS:**    EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC;
GOLDMAN SACHS BANKS USA; SOFI
LENDING CORP.;TRUIST BANK, AS
SUCCESSOR BY MERGER TO
SUNTRUST BANK d/b/a
LIGHTSTREAM; and U.S. BANK
NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR VCC 2020-
MC1 TRUST, PENTAGON FEDERAL
CREDIT UNION

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney at the
address stated below, an answer to the attached complaint within twenty (20) days after the
service of this summons, exclusive of the day of service, or within thirty (30) days after service
is complete if this summons was not personally delivered to you within the State of New York;
upon your failure to answer, judgment will be taken against you by default for the relief
demanded in the complaint.

1

**FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM**  INDEX NO. 607470/2024

NYSCEF DOC. NO. 1                                                          RECEIVED NYSCEF: 04/30/2024

Dated: Nyack, New York
     April 30, 2024

Defendants' Addresses:

EQUIFAX INFORMATION
SERVICES LLC
C/O Corporation Service Company
80 State Street, Albany, NY, 12207

EXPERIAN INFORMATION SOLUTIONS,
INC.
C/O CT Corporation System
28 Liberty St.,
New York, NY, 10005

TRANS UNION LLC
C/O The Prentice-Hall Corporation System,
Inc.,
251 Little Falls Drive
Wilmington, DE 19808

GOLDMAN SACHS BANKS USA
Attn: Head Of Litigation & Reg
200 West Street
New YorK, NY, , 10282

SOFI LENDING CORP.
C/O Corporation Service Company
80 State Street, Albany, NY, 12207

TRUIST BANK, AS SUCCESSOR BY
MERGER TO SUNTRUST BANK d/b/a
LIGHTSTREAM
C/O Corporation Service Company
80 State Street, Albany, NY, 12207

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR VCC 2020-
MC1 TRUST, PENTAGON FEDERAL
CREDIT UNION
425 Walnut St
Cincinnati, OH 45202

PENTAGON FEDERAL CREDIT UNION
55 Water St.
New York, NY 10041

**THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By:_____
     **ROBERT J. NAHOUM, ESQ.**
48 Burd Street, Suite 300
Nyack, New York 10960
(845) 450-2906

2

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

DERSHAWN SIBBLES,

                    Plaintiff,

         v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; GOLDMAN SACHS
BANKS USA; SOFI LENDING CORP.;
TRUIST BANK, AS SUCCESSOR BY MERGER
TO SUNTRUST BANK d/b/a LIGHTSTREAM;
U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR VCC 2020-MC1
TRUST, and PENTAGON FEDERAL CREDIT
UNION,

                    Defendants.
                        Defendants.

Index No.:

## COMPLAINT

Plaintiff Dershawn Sibbles ("Plaintiff"), by and through his attorneys, The Law Offices of Robert J. Nahoum, P.C., complaining of defendants, alleges as follows:

1.      This is an action for actual, statutory, and punitive damages, injunctive relief, and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the New York Fair Credit Reporting Act, and New York General Business Law § 380, et seq. ("NY FCRA").

2.      Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. §1681(a)(4).

3.      Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for

3

**FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM**
NYSCEF DOC. NO. 1

INDEX NO. 607470/2024
RECEIVED NYSCEF: 04/30/2024

consumer credit, personnel, insurance, and other information in a manner which is fair and

equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

utilization of such information . . . ." 15 U.S.C. §1681(b).

4.      The defendants consist of three national credit reporting agencies: Equifax

Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and

Trans Union LLC ("Trans Union " and together with Equifax and Experian the "CRA

Defendants"); and five "furnisher[s] of information" to those agencies: Goldman Sachs Banks

USA ("Goldman"), SoFi Lending Corp. ("SoFi"), Truist Bank, As Successor By Merger to

Suntrust Bank d/b/a Lightstream (Truist"), U.S. Bank National Association, As Indenture

Trustee For VCC 2020-MC1 Trust ("U.S. Bank") and Pentagon Federal Credit Union (Pen

Fed") and collectively together with Goldman, Truist, SoFi and US Bank, the "Furnisher

Defendants").

5.      Plaintiff discovered inaccurate derogatory information on his credit reports and

disputed the same directly with the CRA Defendants who, in turn and upon information and

belief, communicated the same to the Furnisher Defendants.

6.      The Furnisher Defendants are each a "furnisher of information" within the

meaning of the FCRA (15 U.S.C. § 1681s-2, *et seq.*).

7.      The Furnisher Defendants violated the FCRA by:

   a.   failing to conduct a reasonable investigation of Plaintiff's dispute,

   b.   failing to review all relevant information provided by consumer reporting
        agencies, and

   c.   failing to promptly modify, delete, or permanently block any information it
        could not verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM          INDEX NO. 607470/2024
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 04/30/2024

8.      The CRA Defendants violated the FCRA (and analogous provisions of the NY FCRA) by:

    a.  failing to conduct a reasonable reinvestigation of Plaintiff's dispute and delete or modify that information, in violation of § 1681i, and upon information and belief, failing to perform certain other related duties pursuant to and in violation of that same provision; and

    b.  failing to maintain procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff, in violation of § 1681e(b).

9.      As a direct and proximate result of the Defendants' negligent and willful actions, conduct, and omissions including, upon information and belief, publishing inaccurate derogatory information to third-parties, Plaintiff suffered cognizable actual damages (both economic and non-economic) including but not limited to credit denials, and/or offers for credit at higher interest rates, damage to his reputation, emotional distress, embarrassment, aggravation, and frustration.

10.     Each Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

## PARTIES

11.     Plaintiff is a natural person and a citizen of Nassau County, New York.

12.     Plaintiff is an individual and "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), as well as the NY FCRA, NY GBL § 380-a(b).

13.     Equifax is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York.

14.     Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

5

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

15.     Trans Union is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.

16.     Equifax, Experian, and Trans Union are each a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (G.B.L. § 380-a(e)).

17.     Goldman is a Delaware financial institution, duly authorized and qualified to do business in the State of New York.

18.     SoFi is a Delaware financial institution, duly authorized and qualified to do business in the State of New York.

19.     Truist Bank is a North Carolina financial institution, duly authorized and qualified to do business in the State of New York.

20.     US Bank is a Minnesota financial institution, duly authorized and qualified to do business in the State of New York.

21.     Pen Fed is a Virginia financial institution, duly authorized and qualified to do business in the State of New York.

22.     Goldman, SoFi, Truist, US Bank and Pen Fed are each a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2 et seq.

## FACTS

23.     Despite requests to correct erroneous information contained in his credit files and appearing on his credit reports, Plaintiff has been damaged by the failure of the Furnishers and the CRA Defendants to correct information in his credit file and the appearance of erroneous tradelines on his credit reports.

24.     Plaintiff is the victim of a widespread identify theft scheme perpetrated by his father Mr. Derrick Fitzroy Sibbles ("Derrick Sibbles").  Specifically, Derrick Sibbles used

6

Case 2:24-cv-04594   Document 1-2   Filed 06/28/24   Page 26 of 44 PageID #: 33

Plaintiff's identity to apply for an open various credit accounts including accounts with the

Furnisher Defendants (the "ID Theft Accounts").

7

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

### THE IDENTITY THEFT LAWSUITS

25.     Some, but not all of the ID Theft Accounts resulted in lawsuits filed against Plaintiff.  Discovery of these lawsuits was the first time Plaintiff became aware that his identity had been stolen and that credit accounts had been opened using his identity.

### *Goldman*

26.     On November 11, 2021, Goldman filed suit against Plaintiff in the Supreme Court of the State of New York, Nassau County, under the caption *Goldman Sachs Banks USA - v. - Dershawn Sibblies* Index No.: 614412/2021 (the "Goldman Lawsuit").

27.     By written correspondence to Goldman's Counsel, Plaintiff notified Goldman that the account which formed the basis of the Goldman Lawsuit was the result of identity theft and was therefore disputed.

28.     Further, on or about October 13, 2022, through counsel, Plaintiff filed his answer to the complaint in the Goldman Lawsuit siting, among other things, identity theft as his defense.

29.     The Goldman Lawsuit is still pending.

### *SoFi*

30.     On May 25, 2021, Sofi filed suit against Plaintiff in the Supreme Court of the State of New York, Nassau County, under the caption *SoFi LENDING CORP. - v. - Dershawn Sibblies* Index No.: 608449/2021; (the "SoFi Lawsuit").

31.     On or about November 12, 2021, a default judgment was entered against Defenant on the SoFi Lawsuit (the "SoFi Default Judgment")

32.     By written correspondence to SoFi's Counsel, Plaintiff notified SoFi that the account which formed the basis of the SoFi Lawsuit was the result of identity theft and was therefore disputed.

8

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

33.    SoFi consequently agreed to vacate the SoFi Judgment and Dismiss the SoFi Lawsuit.

***Truist***

34.    On November 12, 2021, Truist filed suit against Plaintiff in the Supreme Court of the State of New York, Nassau County, under the caption *TRUIST BANK - v. - DERSHAWN SIBBLIES* Index No.: 614300/2021 (the "Truist Lawsuit").

35.    By written correspondence to Truist's Counsel, Plaintiff notified Truist that the account which formed the basis of the Truist Lawsuit was the result of identity theft and was therefore disputed.

***US Bank***

36.    On December 7, 2021, US Bank filed a foreclosure action, naming, among others, Plaintiff as a defendant in the Supreme Court of the State of New York, Kings County, under the caption *U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR VCC 2020-MC1 TRUST V. - v. - 775 EAST 37TH STREET VENTURES LLC; DERSHAWN SIBBLIES; JOHN DOE (SAID SUMMONS NAME BEING FICTITIOUS TO REPRESENT UNKNOWN TENANTS/OCCUPANTS OF THE SUBJECT PROPERTY AND ANY OTHER PARTY OR ENTITY OF ANY KIND, IF ANY, HAVING OR CLAIMING AN INTEREST OR LIEN UPON THE MORTGAGED PROPERTY), Index No.: 531162/2021* (the "US Bank Lawsuit[1]").

37.    By written correspondence to US Bank's Counsel, Plaintiff notified US Bank that the account which formed the basis of the US Bank Lawsuit was the result of identity theft and was therefore disputed.

---

[1] The Goldman Lawsuit, SOFI Lawsuit, Truist Lawsuit and US Bank Lawsuit may collectively be referred to as the "ID Theft Lawsuits" and the accounts which for the basis of the ID Theft Lawsuits may collectively be referred to as the "ID Theft Lawsuit Accounts".

9

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 607470/2024
RECEIVED NYSCEF: 04/30/2024

38.    The US Bank Lawsuit resulted in a Judgment of Sale entered on June 6, 2023.

**THE TRADELINE DISPUTES**

39.    Discovery of the ID Theft Lawsuits led Plaintiff to discover that the ID Theft Accounts has been reported on credit reports.

*Trans Union*

40.    Plaintiff discovered that his Trans Union credit report contained erroneous entries with respect to Goldman, SoFi, Truist and Pen Fed.

41.    Specifically, tradelines on Plaintiff's Trans Union credit report indicated that accounts with Goldman, SoFi, Truist and Pen Fed were past due.

42.    Plaintiff has no authorized accounts with Goldman, SoFi, Truist or Pen Fed.

43.    In or about January 2023, Plaintiff submitted a written dispute to Trans Union regarding the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed.

44.    In March 2023, Plaintiff received notice that Trans Union had "verified" the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed and that the erroneous tradelines would remain on his Trans Union credit report.

*Equifax*

45.    Plaintiff discovered that his Equifax credit report contained erroneous entries with respect to Goldman, SoFi, and Truist.

46.    Specifically, tradelines on Plaintiff's Equifax credit report indicated that accounts with Goldman, SoFi, Truist and Pen Fed were past due.

47.    Plaintiff has no authorized accounts with Goldman, SoFi, Truist or Pen Fed.

48.    In or about January 2023, Plaintiff submitted a written dispute to Equifax regarding the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed.

10

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

49.    In or about June 2023, Plaintiff received notice that Equifax had "verified" the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed and that the erroneous tradelines would remain on his Equifax credit report.

### *Experian*

50.    Plaintiff discovered that his Experian credit report contained erroneous entries with respect to Goldman, SoFi, Truist and Pen Fed.

51.    Specifically, tradelines on Plaintiff's Experian credit report indicated that accounts with Goldman, SoFi, Truist and Pen Fed were past due.

52.    Plaintiff has no authorized accounts with Goldman, SoFi, Truist or Pen Fed.

53.    In or about January 2023, Plaintiff submitted a written dispute to Experian regarding the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed.

54.    In or about March 2023, Plaintiff received notice that Equifax had "verified" the erroneous tradelines associated with Goldman, SoFi, Truist and Pen Fed and that the erroneous tradelines would remain on his Equifax credit report.

### DAMAGES

55.    As a result of Defendants' conduct, Plaintiff suffered actual damages in the form of economic and non-economic harm, both of which are cognizable pursuant to the FCRA and NY FCRA.

56.    Plaintiff has suffered actual damages in the form of financial harm and dignitary harm arising from the injury to his credit rating and reputation.  Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

57.    Plaintiff's credit reports and file have been obtained from Defendants and been reviewed many times by prospective and existing credit grantors and extenders of credit.  The

11

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 607470/2024
RECEIVED NYSCEF: 04/30/2024

inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

58.     Additionally, the inaccurate credit reporting cost Plaintiff significant time in pursuit of a corrected report, mental anguish, anxiety, and stress.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF FCRA § 1681s-2(b)
(Against All Furnisher Defendants Furnishers of Information to CRAs)

59.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

60.     The Furnisher Defendants violated §1681s-2(b) by its acts and omissions, including, but not limited to:

   a.  failing to conduct a reasonable investigation of Plaintiff's dispute,

   b.  failing to review all relevant information provided by consumer reporting agencies, and,

   c.  failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

61.     As a result of the Furnisher Defendants' violations of §1681s-2(b)(1), Plaintiff suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

62.     These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

12

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

63.    In the alternative, the Furnisher Defendants were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF FCRA § 1681e(b) and § 1681i
(Against All CRA Defendants)

64.    Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

65.    The CRA Defendants each violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

    a.   failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1);

    b.   by failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4); and

    c.   by failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

66.    Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by their conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of his credit reports and credit files that they published and maintained.

67.    As a result of the CRA Defendants' violations of § 1681i and §1681e(b), Plaintiff suffered actual damages including but not limited to: loss of credit, damage to reputation,

13

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

68.     These violations of § 1681i and § 1681e(b) were willful, rendering the CRA Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69.     In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF NY FCRA §380-f and §380-j
(Against All CRA Defendants)

70.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

71.     Each of the CRA Defendants violated multiple sections of the NY FCRA (NY GBL §§ 380–380-u) by their acts and omissions including:

   a.   failing to promptly reinvestigate Plaintiff's dispute to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of § 380-f(a);

   b.   failing, after determining that the disputed information is in error or that it can no longer be verified, to promptly expunge the item and otherwise correct the file and refrain from reporting the item in subsequent consumer reports, in violation of § 380-f(b); and

   c.   failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of

14

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

his credit report and credit files that it published and maintained in violation of §
380-j(e).

72.      These violations of § 380-f and § 380-j(e) were willful, rendering the CRA

Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages

in an amount to be determined by the Court pursuant to § 380-l and entitling Plaintiff to

injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant

to the NY FCRA.

73.      In the alternative, the CRA Defendants were negligent, entitling Plaintiff to

recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m as well as

injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant

to the NY FCRA.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in his favor

and grant the following relief:

**A. On the First Cause of Action:**
Awarding Plaintiff against each CRA Defendant and Furnisher Defendant actual
damages, statutory damages, punitive damages, costs and reasonable attorney's
fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the
CRA Defendants, NY GBL § 380-l and § 380-m;

**B. On the Second Cause of Action:**
Ordering the CRA Defendants:

a.      to immediately delete all inaccurate information from Plaintiff's
credit reports and files and cease reporting the inaccurate
information to any and all persons and entities to whom they report
consumer credit information, and

b.      to send updated and corrected credit report information to all
persons and entities to whom they have reported inaccurate
information about Plaintiff within the last four years;

**C. On the Third Cause of Action:**

15

FILED: NASSAU COUNTY CLERK 04/30/2024 12:02 PM

NYSCEF DOC. NO. 1

INDEX NO. 607470/2024

RECEIVED NYSCEF: 04/30/2024

Enjoining the CRA Defendants from violating Plaintiff's NY FCRA rights;

D. Any additional and further relief as may be deemed just and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: Nyack, New York
April 30, 2024

THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.
*Attorneys for Plaintiff*

By:_____
ROBERT J. NAHOUM
48 Burd Street, Suite 300
Nyack, NY 10960
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com

16

US POSTAGE AND FITNEY BOWES

ZIP 12231 $ 005.28⁰
02 4W
0000390363 JUN 24 2024

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**USPS CERTIFIED MAIL**

USPS CERTIFIED MAIL

9214 8969 0059 7936 9059 66

20240618O625
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY 12207, USA

DOS-110 (Rev. 04/09)
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

# EXHIBIT 3

 NYSCEF
Nassau County Supreme Court

**Document List**
**Index #   607470/2024**

Created on:06/27/2024 02:32 PM

Case Caption:   **DERSHAWN SIBBLES v. EQUIFAX INFORMATION SERVICES LLC et al**
Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT - *Corrected* | Processed | 04/30/2024 | Nahoum, R. |
| 2 | NOTICE OF DISCONTINUANCE (PRE RJI)<br>As to Pentagon Federal Credit Union Only | Processed | 06/25/2024 | Nahoum, R. |

# EXHIBIT 4

FILED: NASSAU COUNTY CLERK 06/25/2024 01:53 PM

NYSCEF DOC. NO. 2

INDEX NO. 607470/2024

RECEIVED NYSCEF: 06/25/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

DERSHAWN SIBBLES,

                Plaintiff,

        v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; GOLDMAN SACHS
BANKS USA; SOFI LENDING CORP.;
TRUIST BANK, AS SUCCESSOR BY MERGER
TO SUNTRUST BANK d/b/a LIGHTSTREAM;
U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE FOR VCC 2020-MC1
TRUST, and PENTAGON FEDERAL CREDIT
UNION,

        Defendants.

               Defendants.

Index No.: 607470/2024

**NOTICE OF VOLUNTARY
DISCONTINUANCE AS TO
DEFENDANT PENTAGON
FEDERAL CREDIT UNION**

      I, Robert J. Nahoum, counsel for Plaintiff, Dershawn Sibbles ("Plaintiff"), hereby

affirm that the above-entitled action, be and the same is, hereby discontinued as against

defendant Pentagon Federal Credit Union only, with prejudice, and without costs to any

party and this notice may be filed with the Clerk of the Court without further notice.

Dated: Nyack, New York
       June 25, 2024

                             **THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By:_____
                   **ROBERT J. NAHOUM, ESQ.**
48 Burd Street, Suite 300
Nyack, New York 10960
(845) 450-2906

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DERSHAWN SIBBLES,<br><br>              Plaintiff,<br><br>      v.<br><br>EQUIFAX INFORMATION SERVICES LLC;<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC.; TRANS UNION LLC; GOLDMAN<br>SACHS BANKS USA; SOFI LENDING<br>CORP.; TRUIST BANK, AS SUCCESSOR BY<br>MERGER TO SUNTRUST BANK d/b/a<br>LIGHTSTREAM; U.S. BANK NATIONAL<br>ASSOCIATION, AS INDENTURE TRUSTEE<br>FOR VCC 2020-MC1 TRUST, and<br>PENTAGON FEDERAL CREDIT UNION,<br><br>          Defendants. | (To be Removed from the Supreme Court of<br>the State of New York, Nassau County, Index<br>No. 607470/2024)<br><br><br>**JOINDER IN AND CONSENT TO<br>REMOVAL OF<br>DEFENDANT TRANS UNION LLC** |

Without waiving any of its defenses or any other rights, Defendant Trans Union LLC ("Trans Union"), hereby consents to the notice of removal of this action from the Supreme Court of the State of New York, Nassau County, to the United States District Court for the Eastern District of New York.  Removal is proper for the reasons stated in Defendant Truist Bank, as Successor by Merger to Suntrust Bank d/b/a Lightstream's ("Truist") Notice of Removal.

Trans Union was served the Summons and Complaint, the initial pleading setting forth the claim for relief upon which this action is based, on May 29, 2024.  Trans Union's consent to Truist's Notice of Removal is timely.

Dated: June 20, 2024

                                          */s/: Warren F. Cangany*
                                          Warren F. Cangany
                                          Authorized Representative
                                          Trans Union
                                          555 W. Adams Street
                                          Chicago, Illinois 60661

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

DERSHAWN SIBBLES,

     Plaintiff,

   v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; TRANS UNION LLC; GOLDMAN
SACHS BANKS USA; SOFI LENDING
CORP.; TRUIST BANK, AS SUCCESSOR BY
MERGER TO SUNTRUST BANK d/b/a
LIGHTSTREAM; U.S. BANK NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
FOR VCC 2020-MC1 TRUST, and
PENTAGON FEDERAL CREDIT UNION,

     Defendants.

Civil Action No.:

(Removed from the Supreme Court of the State
of New York, Nassau County, Index No.
607470/2024)

**JOINDER IN AND CONSENT TO
REMOVAL OF
DEFENDANT SOFI LENDING CORP.**

   Without waiving any of its defenses or any other rights, Defendant SoFi Lending
Corp. ("SoFi"), hereby consents to the notice of removal of this action from the Supreme Court
of the State of New York, Nassau County, to the United States District Court for the Eastern
District of New York.  Removal is proper for the reasons stated in Defendant Truist Bank, as
Successor by Merger to Suntrust Bank d/b/a Lightstream's ("Truist") Notice of Removal.

   SoFi  was served with the Summons and Complaint via the New York Department of State
on June 10, 2024.  SoFi's consent to Truist's Notice of Removal is timely.

Dated: June 27, 2024

       *Sarah Krissoff*
       _____
       Sarah Krissoff, Esq.
       Cozen O'Connor
       3WTC 175 Greenwich St.
       New York, New York 10007
       *Attorneys for SoFi Lending Corp.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DERSHAWN SIBBLES, | Civil Action No.: |
| Plaintiff, | (Removed from the Supreme Court of the State of New York, Nassau County, Index No. 607470/2024) |
| v. | |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; GOLDMAN SACHS BANKS USA; SOFI LENDING CORP.; TRUIST BANK, AS SUCCESSOR BY MERGER TO SUNTRUST BANK d/b/a LIGHTSTREAM; U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR VCC 2020-MC1 TRUST, and PENTAGON FEDERAL CREDIT UNION, | **JOINDER IN AND CONSENT TO REMOVAL OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR VCC 2020-MC1 TRUST** |
| Defendants. | |

Without waiving any of its defenses or any other rights, Defendant U.S. Bank National Association, as Indenture Trustee for VCC 2020-MC1 Trust ("U.S. Bank"), hereby consents to the notice of removal of this action from the Supreme Court of the State of New York, Nassau County, to the United States District Court for the Eastern District of New York. Removal is proper for the reasons stated in Defendant Truist Bank, as Successor by Merger to Suntrust Bank d/b/a Lightstream's ("Truist") Notice of Removal.

U.S. Bank was served with the Summons and Complaint via the New York Department of State on June 10, 2024. U.S. Bank's consent to Truist's Notice of Removal is timely.

Dated: June 27, 2024

*/s/ Andrew Kamensky*
Andrew Kamensky, NY Bar No. 4963757
McMichael Taylor Gray, LLC
28 Corporate Drive, Suite 104
Halfmoon, NY 12065
*Attorneys for U.S. Bank National Association,*
*as Indenture Trustee for VCC 2020-MC1 Trust*